# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: | **JUDGE RICHARD L. SPEER** |
| Eddie Dean Collins | Case No. 11-3175 |
| Debtor(s) | (Related Case: 11-32758) |
| Ronald Bledsoe | |
| Plaintiff(s) | |
| v. | |
| Eddie Dean Collins | |
| Defendant(s) | |

## DECISION AND ORDER

This cause comes before the Court after a Trial on the Plaintiff's Complaint to Determine Dischargeability. The Plaintiff's Complaint is brought pursuant to the statutory exception to dischargeability set forth in 11 U.S.C. § 523(a)(2)(A) which generally excepts from discharge any debt incurred by a debtor's fraud. At the Trial, the Parties were each given the opportunity to present evidence and make any arguments that they wished the Court to consider in reaching its decision. At the conclusion of the Trial, this Court deferred ruling on the matter so as to afford the opportunity to thoroughly review the evidence presented, the arguments of the Parties, as well as the entire record in this case. The Court has now had this opportunity and, for the reasons set forth herein, finds that the Plaintiff's Complaint should be Dismissed.

Ronald Bledsoe v. Eddie Dean Collins
Case No. 11-3175

## FACTS

The Defendant in this case is Eddie Dean Collins (hereinafter the "Defendant"). Presently, the Defendant lives with his companion, a Ms. Shirley Meyers. For the past number of years, the Defendant has been unemployed.

On September 17, 2010, the Defendant was awarded a disability benefit from Social Security. (Pl. Ex. 2). The documentation issued for this award set forth this relevant information: (1) The Defendant became disabled on May 1, 2007; (2) for past due benefits, the Defendant was awarded a lump-sum payment of $31,342.50; and (3) from this lump-sum award, the Defendant's legal representative would be allowed a payment of $5,485.50 for his or her work. *Id.*

As a Social Security Disability benefit, the Defendant presently receives $998.00 per month, with these funds constituting his sole source of income. This income is insufficient to completely cover what the Defendant asserts are his necessary expenses which total $1,068.00 per month. To compensate for the shortfall in his monthly budget, the Defendant relies on his companion, Ms. Meyers.

The Plaintiff in this proceeding is Mr. Ronald Bledsoe (hereinafter the "Plaintiff"). The dispute between the Parties arises from a relationship maintained between the Defendant and the Plaintiff's father, Donald Bledsoe, who is now deceased.

For a number of years, the Defendant and Donald Bledsoe (hereinafter the "Decedent") were both neighbors and friends. When the Defendant became disabled and no longer able to work, the Decedent provided the Defendant, as well as Ms. Meyers, with financial help. This help was provided at a time when the Decedent was seriously ill. During this same period of time, the Defendant also helped the Decedent with certain tasks around his home, such as mowing the Decedent's lawn.

Prior to Decedent's passing, the Plaintiff learned that his father was providing financial help to the Defendant and Ms. Meyers. The Plaintiff, concerned that Decedent's actions would deplete his inheritance, arranged to have the Defendant and Ms. Meyers acknowledge an obligation to repay the Decedent. On April 15, 2010, the Defendant and Ms. Meyers signed a promissory note, made jointly payable to the Plaintiff and the Decedent for the sum of $15,000.00. The note was made payable on demand.

In executing the note, oral representations were made by the Defendant that his anticipated award from Social Security could be used to repay the note. However, no actual recitals were made in the note as to the source of funds the Defendant would use to repay the note. Ultimately, the Defendant, upon receiving his award from Social Security, did not use said funds to pay the note, but rather used the funds to pay other obligations.

On August 18, 2010, the Decedent passed away. Following his death, the Plaintiff moved into his father's home. Not long thereafter, the Plaintiff demanded payment on the note executed by the Defendant and Ms. Meyers. Any effort to collect on the note, however, was stayed when, on May 12, 2011, the Defendant commenced a case in this Court under Chapter 7 of the United States Bankruptcy Code. The Plaintiff then brought the action now before the Court, seeking a determination that any claim he holds against the Defendant is a nondischargeable debt.

## DISCUSSION

In this adversary proceeding, the Plaintiff seeks to have his claim against the Defendant held to be nondischargeable debts. A proceeding brought to determine the dischargeability of a particular debt is deemed to be core proceedings pursuant to 28 U.S.C. § 157(b)(2)(I). Accordingly, this Court has the jurisdictional authority to enter final orders and judgments in this matter. 28 U.S.C. § 157(b)(1); § 1334.

Ronald Bledsoe v. Eddie Dean Collins
Case No. 11-3175

The Plaintiff's Complaint to Determine Dischargeability is brought pursuant to 11 U.S.C. § 523(a)(2)(A).[1] This provision provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–
>
>> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by–
>>
>>> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

In order to prevail on a claim under § 523(a)(2)(A), the Sixth Circuit Court of Appeals has held that a party must satisfy each of these elements: (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss. *Rembert v. AT & T Universal Card Servs., Inc. (In re Rembert)*, 141 F.3d 277, 280–81 (6th Cir.1998), *citing Longo v. McLaren (In re McLaren)*, 3 F.3d 958, 961 (6th Cir.1993). For these elements, the Plaintiffs must establish the existence of each by at least a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (preponderance-of-the-evidence standard of proof applies to all of 523(a)'s exceptions).

As the basis for his cause of action against the Defendant, the Plaintiff made these allegations:

---

[1] The Plaintiff also cited to § 523(a)(4) and § 523(a)(6) as statutory grounds for a finding of nondischargeability. Respectively, these provisions operate to except from discharge any debt arising from fraud, embezzlement, larceny or defalcation while acting in a fiduciary capacity, and a debt shown to have arisen from a willful and malicious injury. However, neither the averments made in the Plaintiff's Complaint, nor the evidence produced at the Trial raised the applicability of these provisions.

Page 4

> Donald G. Bledsoe loaned the Defendant and Shirley Myers, $15,000.00 based upon Defendant's representation to the Plaintiff that the Defendant was to receive a large settlement/payment from Social Security Disability and warranted and represented to the Plaintiff that the funds from Social Security Disability would be used to pay off the loan to the Plaintiff when received and on this representation these funds were loaned to the Defendant; and
>
> That the Defendant received a settlement/payment from Social Security Disability and that upon receiving said settlement/payment from Social Security Disability, the Defendant wholly failed, refused and neglected to pay the Plaintiff any of the amount owed for the loan; and
>
> The Defendant used the monies received from Social Security Disability contrary to the promises and representations made to the Plaintiff[.]

(Doc. No. 1, ¶ 11). Based upon these averments, the gravamen of the Plaintiff's action under § 523(a)(2)(A) may be said to arise from these two premises: (2) The Decedent was induced to make a loan to the Defendant and Ms. Meyers; and (2) as an inducement for the loan, the Defendant and/or Ms. Meyers fraudulently represented that they would repay the loan from funds the Defendant expected to receive as an award from Social Security.

The evidence produced in this case, however, does not support either of these assertions. For this purpose, the initial difficulty for the Court is this: The transfer of money by the Decedent to the Defendant and Ms. Meyers was done on an informal basis, with the terms and conditions of the transfers not being contemporaneously memorialized in writing. As such, since the Decedent's passing, the only persons with first hand knowledge of the arrangement intended by the Decedent are the Defendant and Ms. Meyers.

Consequently, there is nothing to directly contradict the Defendant's position. This position holds that, while the Decedent may have been aware that the Defendant could receive a lump-sum award from Social Security, no contemporaneous representations were made to the Decedent that such funds would be used to repay him. In this regard, the Defendant represented that the Decedent,

Page 5

on his own initiative, offered money to him in his time of need, without the expectation of repayment.

Moreover, while the Defendant's account of events is obviously self-serving, the circumstances presented in this matter do lend support to his position. A few points stand out. First, the Plaintiff does not dispute that the Decedent and the Defendant were friends and maintained a close relationship. Similarly, the Plaintiff acknowledged that the Defendant lent support to the Decedent in some measure such as by mowing the Decedent's lawn. Given these circumstances, it seems entirely plausible that the Decedent would, with no expectation that he would receive any consideration in return, lend financial support to the Defendant.

Finally, the lack of any writing executed contemporaneously with the Decedent's transfer of money to the Defendant, while not precluding the existence of a contractual obligation, is nevertheless telling. Ordinarily, a person lending a large sum of money will evidence the transaction in writing. Consequently, it stands to reason that if there was an expectation of repayment on the part of the Decedent for the funds tendered to the Defendant, the Decedent would have sought to have had the terms of the transaction placed in writing. *See Donovan v. Freeway Const. Co.*, 551 F.Supp. 869, 880 fn. 27 (D.C.R.I. 1982) ("While not fatal to the plaintiff's position, the absence of a writing increases the plaintiff's inability to meet its burden of proof on the existence and terms of the contract.").

For these reasons, the Defendant's position, that the Decedent's transfer of funds to him and Ms. Meyers was entirely gratuitous, carries with it a large degree of credibility. The promissory note executed by the Defendant and Ms. Meyers does nothing to change the gratuitous nature of the transaction. The note was executed long after the Decedent gave the Defendant money. As well, the note was executed at the urging of the Plaintiff, not the Decedent. It must also be said that there is nothing in the note which recites that the Defendant's lump-sum award from Social Security would be used to repay the note. Even placing these concerns, a more fundamental problem with the promissory note exists.

Page 6

The third element necessary to sustain an action under § 523(a)(2)(A) requires a showing of reliance. As previously stated, however, the promissory note executed by the Defendant and Ms. Meyers occurred some length of time after they received money from the Decedent. Thus, no matter the representations made by the Defendant or Ms. Meyers concerning the repayment of the note using the Defendant's Social Security award, neither the Decedent nor the Plaintiff could have justifiably relied on such representations. This absence of any close temporal connection between the Decedent's extension of money to the Defendant and Ms. Meyers, and the execution of the promissory note, also presents another deficiency: The promissory note does not create an enforceable contractual obligation against the Defendant or Ms. Meyers.

An essential element to any enforceable contract is consideration – this being a bargained for legal benefit and/or detriment. *Williams v. Ormsby*, 131 Ohio St.3d 427, 429 966 N.E.2d 255, 258 (2012). In this matter, even assuming the Defendant made a promise to repay the Decedent, this consideration would have been extended contemporaneously with the Decedent's transfer of money to the Defendant – as opposed to long thereafter, when the promissory note was executed by the Defendant and Ms. Meyers. However, such "past consideration cannot be a bargained-for benefit or detriment, since it has already occurred or accured." *Carlisle v. T & R Excavating, Inc.*, 123 Ohio App.3d 277, 283, 704 N.E.2d 39 (1997).

In any event, an action brought under § 523(a)(2)(A) sounds in tort, not contract. *Stifter v. Orsine (In re Orsine)*, 254 B.R. 184, 188 (Bankr. N.D.Ohio 2000). And for those reasons explained, the Court simply does not have sufficient evidence before it to make a finding that the elements of § 523(a)(2)(A) have been met by a preponderance of the evidence. Instead, as between the Defendant and the Decedent, the overall picture presented to the Court is simply one of gratuitous exchanges, whereby two friends provided assistance to the other in their respective times of need.

To be sure, the help extended by the Decedent was much greater in monetary value, and most likely diminished any inheritance received by the Plaintiff. However, such considerations do not add weight to the existence of any fraud on the part of the Defendant. A gratuitous exchange, by

Page 7

Ronald Bledsoe v. Eddie Dean Collins
Case No. 11-3175

definition, means that the transferor, for no value received, gives value to the transferee. It is also a fundamental principle that persons of sound mind may, during their life, dispose of their assets as they see fit.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Complaint of the Plaintiff, Ronald L. Bledsoe, to Determine Dischargeability, be, and is hereby, DISMISSED.

Dated: August 2, 2012

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 8

# CERTIFICATE OF SERVICE

Copies were mailed this 2nd day of August, 2012 to:

Ronald L Bledsoe
321 Tiffin Ave.
Huron, OH 44839

William H Smith, Jr
308 W Adams St
Sandusky, OH 44870

Eddie Dean Collins
323 Tiffin Street
Huron, OH 44839

C. Ross Smith, III
1604 E Perkins Ave, #106
Sandusky, OH 44870


                         /s/Diana Hernandez
                         Deputy Clerk, U.S. Bankruptcy Court